**William David GOLDEN,**
**Plaintiff–Appellant,**

v.

**Judy FOX, Official Court Reporter,**
**176th Judicial District Court of Harris**
**County, Texas, Defendant–Appellee.**

No. 15–20065.

United States Court of Appeals,
Fifth Circuit.

March 8, 2016.

William David Golden, Bryan, TX, pro
se.

Before HIGGINBOTHAM, SMITH, and
OWEN, Circuit Judges.

PER CURIAM: *

William Golden, Texas prisoner
# 673185, moves to proceed *in forma pau-peris* ("IFP") on appeal of the dismissal of
his 42 U.S.C. § 1983 complaint. Golden
primarily alleges that the court reporter in
his criminal trial altered the transcript by
intentionally omitting certain material ex-culpatory statements made by the assis-tant district attorney in closing argument.

The district court dismissed Golden's
claims under 28 U.S.C. § 1915(e)-(2)(B),
reasoning that they were barred by *Heck
v. Humphrey,* 512 U.S. 477, 486–87, 114
S.Ct. 2364, 129 L.Ed.2d 383 (1994), be-cause the claims challenged or implied the
validity of the conviction. The court also
held that Golden's claims against certain

judges were barred by absolute judicial
immunity. *See Stump v. Sparkman,* 435
U.S. 349, 356–58, 98 S.Ct. 1099, 55 L.Ed.2d
331 (1978). For the same reasons, the
court denied Golden's motion to appeal
IFP and certified that the appeal was not
taken in good faith pursuant to 28 U.S.C.
§ 1915(a)(3) and Federal Rule of Appellate
Procedure 24(a)(3). By moving for leave
to proceed IFP, Golden is challenging the
certification. *See Baugh v. Taylor,* 117
F.3d 197, 202 (5th Cir.1997).

Golden asserts that the district court
erred by failing to give written reasons
beyond those in the magistrate judge's
report and recommendation, which the
court adopted. That assertion is unavail-ing, because the certification expressly in-corporated by reference the reasoning of
the report and recommendation. *See
Baugh,* 117 F.3d at 202 & n. 21.

If we construe his brief liberally, we
glean that Golden contends that his § 1983
claims are proper under *Skinner v. Swit-zer,* 562 U.S. 521, 131 S.Ct. 1289, 179
L.Ed.2d 233 (2011). There, the Court held
that a judgment in favor of the plaintiff in
his § 1983 suit for an order requiring
DNA testing "would not 'necessarily imply'
the invalidity of his conviction" because the
results might prove exculpatory, inconclu-sive, or might further incriminate him. *Id.*
at 533–34, 131 S.Ct. 1289. But in citing
*Skinner,* Golden does not then say that the
relief he seeks in his § 1983 action would
not imply the invalidity of the conviction.
Indeed, Golden's complaint even states
that his § 1983 suit seeks, among other
things, to recover the audio tape of the
trial "as evidence to vacate the wrongful
conviction and sentence." Moreover, be-cause Golden seeks to uncover exculpatory

854

statements allegedly made by the assistant district attorney, the claims are comparable to those relying on *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *Skinner*, 562 U.S. at 536, 131 S.Ct. 1289, held that *Brady* claims "ranked within the traditional core of habeas corpus and outside the province of § 1983," so Golden's reliance on *Skinner* is misplaced.

Golden's remaining assertions do not present any challenge to the grounds of the certification. Although *pro se* briefs are liberally construed, even *pro se* litigants must brief arguments to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir.1993). Golden has not shown that the certification was incorrect, so the motion for leave to proceed IFP is DENIED. *See Howard v. King*, 707 F.2d 215, 219–20 (5th Cir.1983). The appeal is without arguable merit and is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n. 24; *Howard*, 707 F.2d at 219–20; 5TH CIR. R. 42.2.

We caution Golden that dismissal of his § 1983 suit by the district court pursuant to § 1915(e) and our dismissal of this appeal as frivolous both count as strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385–87 (5th Cir.1996). Golden is also cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.